**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:15CV322-FDW-DSC**

| | |
|---|---|
| WILLIE LEE REID,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN,<br>**Commissioner of Social**<br>**Security Administration,**<br>　　　　Defendant. | **MEMORANDUM AND RECOMMENDATION**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum ..." (document #11-1), both filed November 9, 2015, and Defendant's "Motion for Summary Judgment" (document #12) and "Memorandum … in Support ..." (document #13), both filed January 1, 2016. On January 22, 2016, Plaintiff filed his "Response …" (document #14).

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

1

# I. PROCEDURAL HISTORY

On December 13, 2011, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work as of July 17, 2010. (Tr. 227, 239).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on October 30, 2013. (Tr. 37-76). The Administrative Law Judge ("ALJ") denied Plaintiff's claim in a decision dated March 13, 2014. (Tr. 20-30). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 22). The ALJ also found that Plaintiff suffered from right wrist fracture, complex regional pain syndrome, hypertension, diabetes, deep vein thrombosis, remote history of gunshot wound to the thigh and knee, and depression, which were severe impairments within the meaning of the regulations but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 22-24). The ALJ found that Plaintiff had moderate difficulties in maintaining concentration, persistence or pace. (Tr. 23-24).

The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform light work[2] limited to occasional pushing, pulling, handling and/or grasping with his dominant right hand; frequent handling and grasping with the left hand; no climbing ladders, ropes,

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

or scaffolds; and avoiding concentrated exposure to moving and hazardous machinery and unprotected heights. Plaintiff was limited to performing "simple, routine, repetitive tasks." (Tr. 24). The ALJ then found that Plaintiff could not perform his past relevant work as a forklift operator, machine operator, or poultry dressing worker (Tr. 19, 21).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, a Vocational Expert ("V.E.") identified jobs as a shipping/receiving weigher, laundry folder, and car wash attendant that Plaintiff could perform.

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. Id. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

Plaintiff filed a timely Request for Review by the Appeals Council. On May 28, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-5).

Plaintiff filed the present action on July 21, 2015. He assigns error to the ALJ's formulation of his mental RFC and particularly to the ALJ's failure to account for his moderate difficulty with concentration, persistence or pace. See Plaintiff's "Memorandum ..." at 4-5 (document #11-1) and "Response …" at 1-2 (document #14). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v.

Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

Applying those legal principles to the record here, the undersigned concludes that this matter should be remanded for a new hearing. In his formulation of Plaintiff's RFC, the ALJ accounted for his moderate difficulties in maintaining concentration, persistence or pace, if at all, with a limitation to "simple, routine, repetitive tasks." (Tr. 22-24). Even if supported by substantial evidence, a limitation to simple tasks or instructions does not "account for a limitation in concentration, persistence or pace." Id. As in Mascio, "[p]erhaps the ALJ can explain why [Plaintiff's] moderate limitation in concentration, persistence or pace … does not translate into a limitation in [her] residual functional capacity…. But because the ALJ gave no explanation, a

remand is in order." Id.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #12) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

---

[4]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Frank D. Whitney.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: February 2, 2016

David S. Cayer
United States Magistrate Judge